**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                  No. CR 12-0128 JB

ROY MADRID,

        Defendant.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Defendant's Motion for Reconsideration of Sentence, filed September 24, 2013 (Doc. 553)("Motion").  The Court held a hearing on October 24, 2013.  The primary issue is whether the Court should reconsider the sentence it gave to Defendant Roy Madrid on September 9, 2013.  Because the Court does not have authority to modify the sentence, the Court will deny the Motion.

### <u>FACTUAL BACKGROUND</u>

On May 17, 2013, Madrid pled guilty to Conspiracy to Launder Money in violation of 18 U.S.C. § 1956(h).  <u>See</u> Amended Plea Agreement, filed May 17, 2013 (Doc. 428)("Plea Agreement").  Madrid admitted that he, together with Defendants Homero Varela and "Manuel Villa-Mayorquin, conspired to launder the proceeds of drug transactions in order to promote the continuance of their drug distribution activity, by selling drugs in and about Albuquerque, New Mexico."  Plea Agreement at 3.  Under the United States Sentencing Guidelines, Madrid's Guideline imprisonment range was 108-135 months.  <u>See</u> Transcript of Hearing at 2:24-3:6 (Court, Knoblauch), taken September 9, 2013 ("Sentencing Tr.").[1]  Madrid and Plaintiff United

---

[1]The Court's citations to the transcripts of the hearings refer to the Court reporter's

States of America agreed, pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that the Court should impose a sentence of between 37 and 63 months imprisonment. <u>See</u> Plea Agreement, ¶ 9.b, at 6.  Madrid waived his right to appeal any sentence that was within or below the applicable guideline range under the United States Sentencing Guidelines.  <u>See</u> Plea Agreement ¶ 18, at 9.  On September 9, 2013, the Court sentenced Madrid to a prison term of 57 months.  <u>See</u> Clerk's Minutes, filed September 9, 2013 (Doc. 532); Judgment, filed September 12, 2013 (Doc. 534).

## PROCEDURAL BACKGROUND

Madrid moves the Court to reconsider the sentence.  He contends that the Court did not consider his culpability relative to the co-Defendants who received a lesser sentence.  <u>See</u> Motion ¶ 2, at 1.  In a numbered list, he states:

> 3.      That, for example, his co-Defendant Steve Chavez was sentenced to a  period of incarceration of 30 months.
>
> 4.      That Steve Chavez and [Madrid] are similarly situated in the scope of their criminal actions in that both were involved in transporting and laundering the  proceeds of drug trafficking, but the amounts attributed to Steve Chavez were more than those attributed to the Defendant.
>
> 5.      That the primary difference between him and Steve Chavez lies not in the amounts of money at issue, but in *mens rea* and motivations.
>
> 6.      That the Defendant's motivation in being involved in the criminal activity was not pecuniary, but to protect those near and dear to him.
>
> 7.      That it appears that Steve Chavez actively sought out the opportunity to engage in money laundering.
>
> 8.      That it would, therefore, appear that their relative culpabilities are quite different yet the Defendant is receiving a harsher sentence.
>
> 9.      That such disparities in sentencing of co-Defendants when they are

original, unedited versions.  Any final transcripts may contain slightly different page and/or line numbers.

convicted of the same crime is grounds for a downward departure by itself.  See, e.g.[,] U.S. v. Tzoc-Sierra, 387 F.3d 978 (9th Cir. 2004) and U.S. v. Daas, 198 F.3d 1167 (9th Cir. 1999).

          10.     That the same sentence as that received by Steve Chavez would be within the range stipulated in the Amended Plea Agreement to pursuant to Fed. R. Crim. P[.] 11 (c)(1)(C).

Motion ¶¶ 3-10, at 1-2.

The United States opposes the Motion: in its view, the Court considered all relevant factors in imposing its sentence, and "the Court likely lacks jurisdiction to resentence the Defendant even if it desired to do so."  Government's Response to Defendant's Motion for Reconsideration of Sentence, filed October 8, 2013 (Doc. 532)("Response").  The United States rehearses the case's procedural history and argues that the Court considered all relevant sentencing factors before it imposed its sentence.  See Response at 2-3.  It argues that the United States and Madrid worked a good deal to come up with an appropriate sentence, explaining:

> In fact, the desire of both the United States and the Defendant to [affirmatively] articulate for the Court's consideration the specific sentencing range of 37 to 63 months is further evidenced by the fact that, when the parties discovered they had made a mistake in the calculation of the applicable guideline range after entry of the original non-Rule 11(c)(1)(C) Plea Agreement (Doc. 339), the parties sought to prevent any potential harm that might have resulted from their mistake, by quickly entering into a Rule 11(c)(1)(C) Amended Plea Agreement that was designed to better advance their agreement to the stated sentencing range for the Court's consideration.

Response at 3.  Moreover, in its view, the Court considered the culpability arguments that Madrid raises in his Motion when it sentenced him.  See Response at 3-4.

The United States contends that the Court has, throughout other sentencing hearings in this case, gone to great lengths to avoid unwarranted sentencing disparities.  See Response at 4. Further, it notes, the important difference between Chavez and Madrid is that Madrid's advisory guideline range greatly exceeds Chavez' range.  See Response at 4.  It argues that it is a goal of

sentencing law to prevent "unwarranted disparities between defendants with similar records, backgrounds and guideline calculations, based not on who is sentenced to what in a single co-defendant case, but rather through a nationwide analysis."  Response at 4 (emphasis in original). It suggests that rule 11(c)(1)(C) sentences "are not technically administered by the Court, but are rather[] accepted by the Court."  Response at 5.  It states that the "Court's thoughtful, thorough and meticulous approach to sentencing in this 15 person co-defendant complex litigation matter cannot be construed as arbitrary, capricious, whimsical, or manifestly unreasonable, and for that reason alone the Defendant's request for reconsideration of his substantially reduced sentence should be denied with prejudice, and without a hearing."  Response at 5 (internal quotation marks omitted).

Finally, even if the Court were inclined to consider resentencing the Defendant, it does not seem likely that the Court has jurisdiction to do so.  Fed. R. Crim. P. 35(a) or (b) appears to be the only mechanism by which a defendant can seek to be resentenced after sentencing has already taken place.  Fed. R. Crim. P. 35(a) provides for a way the Court can correct basic errors in sentencing, and must be done within 14 days after sentencing.  The rule specifically states: "the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  The Defendant's Motion was filed beyond the time constraints of this rule, and the Defendant has not identified clear error in need of mitigation, but has instead advanced substantive argument concerning issues already addressed by the Court.  Thus, assuming Fed. R. Crim. P. 35(a) is the only mechanism by which the defendant can secure a post-sentencing correction to any perceived error in sentence, because he cannot satisfy the rule's requirements, he cannot be sentenced in accordance with the rule, simply because this Court lacks jurisdiction to resentence the Defendant.  See United States v. Luna-Acosta, 715 F.3d 860, 866-67 (10th Cir. 2013).

Subsection (b) of this rule does not apply, because the Defendant did not cooperate with the United States, and in fact, went to great lengths to make sure his lack of cooperation was unambiguously understood by the Court due to what appeared to be potentially legitimate safety considerations for the Defendant and his family.  See generally Fed. R. Crim. P. 35(b) (Reducing Sentence for Substantial Assistance).

Response at 5-6.[2]  Accordingly, the United States maintains that the Court should deny Madrid's Motion, because any further sentence reduction is unwarranted, and because it "very likely lacks jurisdiction to impose a new sentence at this stage."  Response at 6.

At the hearing, the Court pointed to its opinion in <u>United States v. Cramberg</u>, No. CR 10-3244JB, 2012 WL 3656477 (D.N.M. Aug. 21, 2012)(Browning, J.), and recited language from that opinion in which the Court explained that, with narrow exceptions, it does not have authority to modify a sentence that it has imposed.  <u>See</u> Transcript of Hearing at 1:19-3:13 (Court), taken October 24, 2013 ("Hearing Tr.").  The Court stated that it did not believe that, under rule 35 of the Federal Rules of Criminal Procedure,[3] it has jurisdiction to grant the Motion, but invited Madrid to speak in its favor.  <u>See</u> Hearing Tr. at 3:14-19 (Court).

Madrid stated that, in his view, the Motion was timely:

> [U]nder Rule 45 [of the Federal Rules of Criminal Procedure] the day the event occurs triggers the period is not to be counted, which that would have been the ninth.  The motion was filed on the 24th, and therefore, it would have been

---

[2]Whether the Motion is timely depends on rule 45 of the Federal Rules of Criminal Procedure, which provides, in relevant part:

> (1) *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:
>> (A) exclude the day of the event that triggers the period;
>>
>> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>>
>> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Crim. P. 45(a)(1).

[3]In relevant part, rule 35 provides: "(a) **Correcting Clear Error**. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).

timely.  So that's my reading of the computation of time.  So from the -- so the ninth would not be included but the 10th, and so and so forth would be up to and including the . . . 24th.

Hearing Tr. at 3:22-4:5 (Knoblauch).  With respect to the substance of the Motion, Madrid stated

that the Court's alleged error might be a "technical" error within rule 35's meaning:

> Now, what might be considered being a technical error, I don't think there has been sufficient case law to define this.  However, my concern here, Your Honor, is that the at the time of sentencing I'm not sure the Court adequately considered the concept of mens rea in this entire matter.  And I raised this at that time.  I don't recall the Court addressing this directly.
>
> And as the Court was pointed out in the sentencing memorandum, Mr. Madrid was coerced into the actions which led to his plea of guilty in this matter.  The idea of coercion, of course, is an age old excusal for conduct.  And whether or not the excusal is complete or partial depends on the facts of the case. Certainly, we have -- in this circuit we have a jury instruction to that [--] I think it's 1.36 of the 10th Circuit jury instructions.
>
> Moreover, Your Honor, going back to Blackstone, Book 4, Chapter 2 . . . this is what Blackstone calls a defect of a will, which is of the excusal. "Another species of compulsion or necessity is what our law calls duress per minas or threats and menaces which induce a fear of death or other bodily harm."
>
> In this matter, Your Honor, Mr. Madrid, although he was not personally threatened, his family was threatened.  And I think that that would certainly mitigate to a large degree any of Mr. Madrid's actions.
>
> It's a very sad case.  Mr. Madrid has no other really criminal involvement or anything else.  And as we spoke about before at sentencing, we were all shocked when the sentencing guidelines came back what they were.[4]
>
> But I would like the Court to really consider what was going on in Mr. Madrid's mind when he went through the actions which involved laundering his money.  And I think that would probably fall under the -- if the Court did not adequately consider that, I think that would fall underneath Rule 35 technical omission.  Thank you.

---

[4]Madrid was alluding to the fact that Madrid's Guideline range of 108 to 135 months was significantly higher than the parties anticipated during plea negotiations.  As discussed during the sentencing hearing, the parties entered into an initial Plea Agreement, filed February 14, 2013 (Doc. 339), and, after the United States Probation Office calculated Madrid's Guideline range at a significantly higher level than the parties had anticipated, entered into the Amended Plea Agreement in the form of a rule 11(c)(1)(C) agreement.  *See* Sentencing Tr. *passim*.

Hearing Tr. at 4:9-5:24 (Knoblauch).

The United States responded as follows:

Your Honor, first I'll state that although we've given the defendant a great deal of deference with respect to his claims of duress and coercion, the fact is there is nothing before the Court and nothing as a matter of record indicating any duress or coercion. It's just self-serving statements provided to the Court by way of counsel. The Court has no record to defer to concerning that assertion.

That said, I didn't take it lightly throughout the whole process. As the Court knows[,] at sentencing, I even indicated that I have heard of these types of situations before. I'm pretty sure at sentencing I also indicated at that time that we were taking the defendant at his word. And although I don't want to get in deep to the negotiations that occurred by and between counsel, the reality is that[,] among many other factors[,] were [sic] considered, which led us to an incredibly substantial variance in this case.

But I think it's really important that the Court not come away with the feeling that duress or coercion has been demonstrated, even remotely close to any affirmative, in any affirmative way. The defendant didn't put on any evidence. He didn't present any fact witnesses. Nobody came forward and said, "I was threatened." So it's self-serving in the extreme. And although we did give him the benefit of the doubt, I don't want any of us to come away thinking that that is a matter of fact.

Setting all that aside, the reality is simple, I don't think the Court has jurisdiction to consider this motion. It was filed 15 days after oral pronouncement of sentence. The reality though is, even if it were filed a day or two [earlier], there were no arithmetic, technical error, and there was no clear error in the sentence.

I did remember -- vividly remember -- the Court incorporating a very detailed and thorough analysis concerning not only the defendant's characteristics, history, and background, but every other defendant['s] characteristics history and background in sentence in the this case.

Hearing Tr. at 6:5-7:21 (Swainston). The United States also recited the sentences that certain of

Madrid's former co-Defendants received, noting that Madrid received "one of the most

extraordinary downward variances when compared to other criminal defendants in this case."

Hearing Tr. at 7:22-9:1 (Swainston). The United States reiterated its argument that Chavez was

an improper point of comparison for Madrid, because Madrid was convicted of money laundering, which "was part of that wheel back and forth to the cartel that provided payment for drugs, drugs for payment; payment for drugs, drugs for payment."  Hearing Tr. at 9:1-10 (Swainston).  The United States stated that it "actually picked off the money load heading back south that this particular defendant played a role in securing."  Hearing Tr. at 9:10-13 (Swainston).  The United States stated that, although it wanted to remind the Court of all of those factual issues, "at the end of the day, I just don't think the Court has jurisdiction.  And as a matter of law, I'd ask that the Court deny the motion."  Hearing Tr. at 9:14-20 (Court).

Madrid stated that he was willing to testify about the coercion at issue, but stated that, "given the parameters of the plea agreement, I don't think that would be necessary or appropriate."  Hearing Tr. at 9:25-10:14 (Knoblauch, Court).  The United States stated that it would object, because "that would only become relevant if the Court reopens sentencing." Hearing Tr. at 11:15-17 (Swainston).  Madrid declined the Court's invitation to make a record regarding coercion.  See Hearing Tr. at 10:18-21 (Court, Knoblauch).

The Court stated that it would deny the Motion, relying on reasoning from United States v. Cramberg.  See Hearing Tr. at 10:22-12:15 (Court).

## LAW REGARDING MODIFICATION OF SENTENCES

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."  United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997).  Accord United States v. Cramberg, No. CR 10-3244J B, 2012 WL 3656477, at *2-3 (D.N.M. Aug. 21, 2012)(Browning, J.); United States v. Christy, No. 10-1534 JB, 2012 WL 3150352, at *4-5 (D.N.M. July 16, 2012)(Browning, J.); United States v. Padilla, No. 09-3598 JB, 2012 WL 2175749, at *2 (D.N.M. May 31, 2012)(Browning, J.);

United States v. Vigil, No. 05-2051 JB, 2010 WL 2301708, at *3-4 (D.N.M. May 4, 2010)(Browning, J.); United States v. Myers, 375 F. Supp. 2d 1293, 1296 (D.N.M. 2005)(Browning, J.). As the United States Court of Appeals for the Tenth Circuit has explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."

United States v. Blackwell, 81 F.3d 945, 947-48 (10th Cir. 1996)(footnote omitted)(citation omitted).[5] Rule 35 authorizes a district court to reduce or correct a sentence in certain situations. See Fed. R. Crim. P. 35. "'[S]entencing' means the oral announcement of the sentence." Fed. R. Crim. P. 35(c). Under rule 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The Tenth Circuit has referred to the term sentence as meaning "the punishment imposed." United States v. Wittig, 206 F. App'x 763, 769 (10th Cir. 2006)(unpublished).[6] "A sentence is

---

[5]Congress has twice amended 18 U.S.C. § 3582, in 1996 and in 2004, since the Tenth Circuit's decision in United States v. Blackwell; however, neither of these amendments substantively affects the Tenth Circuit's analysis.

[6]United States v. Wittig is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

formally imposed at the point when the district court announces it from the bench, and <u>not</u> at the point when the written judgment of order and commitment is entered -- meaning that Rule 35's seven-day[7] period runs from the oral imposition of the sentence." <u>United States v. Mendoza</u>, 543 F.3d 1186, 1195 n.7 (10th Cir. 2008)(emphasis in original).  Under subsection (b), a court may reduce a sentence for substantial assistance in certain situations "[u]pon the government's motion." Fed. R. Crim. P. 35(b).

Rule 36 allows a court, at any time, to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.  The Tenth Circuit has held that rule 36 "allows correction of only non-substantive errors, and does not 'give the court authority to substantially modify a Defendant's sentence.'" <u>United States v. Lonjose</u>, 663 F.3d 1292, 1299 n.7 (10th Cir. 2011). The United States Court of Appeals for the Third Circuit has similarly stated: "[C]ourts and commentators are thus unanimous that Rule 36 may not be used to amend a sentence to include an additional term of imprisonment, fine, or imposition of costs." <u>United States v. Bennett</u>, 423 F.3d at 278.  The United States Court of Appeals for the Fifth Circuit has stated that "Rule 36 [is] the appropriate mechanism for amendments that do not substantively alter the sentence announced orally but rather correct errors in written judgments." <u>United States v. Spencer</u>, 513 F.3d 490, 491 (5th Cir. 2008).  The United States Court of Appeals for the Second Circuit has stated that "Rule 36 covers only minor, uncontroversial errors." <u>United States v. Werber</u>, 51

---

<u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005) (citations omitted).  The Court finds that <u>United States v. Wittig</u> and <u>United States v. Vaughan</u>, 119 F. App'x 227 (10th Cir. 2004)(unpublished), have persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order.

[7]Amendments that took effect on December 1, 2009, extended the period of time in which a court can correct these "clear" errors from seven days to fourteen days.

F.3d 342, 347 (2d Cir. 1995).

The Third Circuit has explained how rule 36 operates:

> While Rule 36 allows a court to correct clerical errors or errors of oversight or omission "in the record," it only allows correction of clerical errors in the judgment or order. This difference in language is important. While Rule 36 provides a broad mandate to correct a variety of errors in ancillary parts of the record -- the dates of documents, the indictment, etc. -- it provides only a strictly limited authority to correct the court's judgment or order. The judgment of a court, unlike the rest of the court's record, has legal effect; substantive changes to the judgment may normally be made only by appellate review or similar procedures.

United States v. Bennett, 423 F.3d 271, 278 (3d Cir. 2005)(quoting 26 James Wm. Moore et al., Moore's Federal Practice ¶ 636.02[3] (3d ed. 2005)). The Tenth Circuit has similarly stated that rule 36 permits the correction of "clerical-type errors" in a judgment. United States v. Blackwell, 81 F.3d at 948. Accord United States v. Vaughan, 119 F. App'x 227, 230 (10th Cir. 2004)(unpublished)("When a judgment and commitment order contains a clerical error, we may remand for correction.").

The Third Circuit has provided the following definition for a clerical error: "[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis[8] might commit, mechanical in nature." United States v. Guevremont, 829 F.2d 423, 426 (3d Cir. 1987)(quoting Dura-Wood Treating Co. v. Century Forest Indus., 694 F.2d 112, 114 (5th Cir. 1982)). The Fifth Circuit has stated, in an unpublished opinion, that, "[w]hile there may be circumstances where the line between clerical error and judicial error is unclear, we have generally found that correction of a clerical error occurs when the modification neither affects a party's substantive rights nor contradicts the court's and the

---

[8]An amanuensis is "a literary or artistic assistant, in particular one who takes dictation or copies manuscripts." New Oxford American Dictionary 48 (A. Stevenson & C. Lindberg eds., 3d ed. 2010).

parties' intentions as to the judgment."  United States v. Crawley, Nos. 11-60061, 11-60065, 2012 WL 715068, at *2 (5th Cir. Mar. 6, 2012)(unpublished)(citing United States v. Spencer, 513 F.3d at 491).

In United States v. Blackwell, the Tenth Circuit reversed for lack of jurisdiction the district court's re-sentencing of a co-defendant seventy-two days after the original sentencing. See 81 F.3d at 946.  In that case, the defendant, who received an initial sentence of 15 months imprisonment, moved the court for a re-sentencing, because, "three days prior to his sentencing, Defendant's supplier pleaded guilty to distributing fifty-five ounces of cocaine and the United States District Court for the District of Utah sentenced her to probation."  81 F.3d at 946.  The district court held a re-sentencing hearing seventy-two days after the original sentencing, and, at that hearing, reduced the defendant's sentence to "three-years probation, with six-months home detention."  81 F.3d at 946.  In explaining its authority to modify the defendant's sentence, the district court relied on "two alternative sources of authority . . . : (1) the court's 'inherent jurisdiction' to right injustices, and (2) Fed. R. Crim. P. 35."  81 F.3d at 946.  The district court, in the caption of what it called a "Correction or Reduction of Judgment in a Criminal Case," 81 F.3d at 947, indicated that it had corrected its judgment under rule 35 and rule 36 of the Federal Rules of Criminal Procedure, which then provided that "'[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.'"  81 F.3d at 948 (quoting the then-extant version of Fed. R. Crim. P. 36).[9]

---

[9]Rule 36 now reads: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  As the advisory committee's note makes clear, rule 36's substance remains identical.  See Fed. R. Crim. P. 36 advisory committee's note ("The language of Rule 36 has been amended as part of the general

The Tenth Circuit rejected the district court's reliance on rule 35, rule 36, and its "inherent authority," and concluded that "the court lacked jurisdiction to resentence Defendant." United States v. Blackwell, 81 F.3d at 949. The Tenth Circuit concluded that rule 35(a) did not apply, "because the court did not correct Defendant's sentence within seven days after the original sentence was imposed, but resentenced Defendant seventy-two days later." 81 F.3d at 949 (discussing then rule 35(c)).[10] The Tenth Circuit also held that rule 35(b) did not apply: "Because subsection (b) applies only to motions made by the government, a defendant cannot invoke Rule 35(b) and empower the court to reduce his sentence." 81 F.3d at 949. The Tenth Circuit also rejected the notion that rule 36 authorizes district courts to resentence defendants, explaining that "Rule 36 does not authorize substantive sentencing modification," but only correction of clerical errors. 81 F.3d at 949. Finally, the Tenth Circuit held that Congress had, by imposing rule 35(a)'s time limits, cabined any "inherent authority" of the district court to resentence defendants, and thereby eliminated the district court's authority to resentence the defendant after that window. 81 F.3d at 949. Accordingly, the Tenth Circuit "conclude[d] that neither Rules 35 or 36, nor the Court's 'inherent jurisdiction,' authorized it to modify Defendant's sentence in the instant case. Accordingly, the court lacked jurisdiction to resentence Defendant." 81 F.3d at 949. The Tenth Circuit reversed and remanded, instructing the district court "to reinstate Defendant's original sentence." 81 F.3d at 949.

---

restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.").

[10]"Former Rule 35(c), which addressed the authority of the court to correct certain errors in the sentence, is now located in Rule 35(a)." Fed. R. Crim. P. 35 advisory committee's note to 2002 amendments.

## ANALYSIS

The Court does not have statutory authority to modify the sentence it imposed on Madrid under the facts presented.  Madrid has not identified, and the Court has not found, any statutory basis that would permit it to modify his sentence.  Accordingly, the Court will deny the Motion.

If the Motion is a rule 35(a) motion, it is untimely.  The Court sentenced Madrid on September 9, 2013.  Madrid did not file his Motion until September 24, 2013. Under rule 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  For purposes of rule 35, "'sentencing' means the oral announcement of the sentence."  Fed. R. Crim. P. 35(c).  The Motion is, accordingly, one day late, and the time for the Court to act is even later.  Thus, the Court does not have authority under rule 35(a) to reduce Madrid's sentence.

Even if the Motion were timely, rule 35(a) provides no basis for altering the sentence. Madrid's attempt to recast the Court's disagreement with his culpability arguments as a "technical" error is unpersuasive.  As the Tenth Circuit has explained rule 35's intent:

> In 1991, Rule 35 was amended to provide sentencing courts with a seven-day period in which to correct arithmetical, technical, or other clear error.  Fed. R. Crim. P. 35, Advisory Committee Notes on 1991 Amendments.  "The authority to correct a sentence under this subdivision [wa]s intended to be very narrow and to extend only to those cases in which an obvious error or mistake ha[d] occurred . . . ."  Id.  "The subdivision [wa]s not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence."  Id.  "Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines."  Id.

United States v. Green, 405 F.3d 1180, 1185 (10th Cir. 2005)(Ebel, J.).  What Madrid calls a "technical" error is, in substance, a request that the Court reconsider its weighing of the factors that inform sentencing under 18 U.S.C. § 3553(a).  Rule 35 does not empower the Court to make

such a change.

Rule 35(b) also does not provide Madrid a way to escape his sentence.  Under rule 35(b), "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."  Fed. R. Crim. P. 35(b).  Madrid has made no argument that he has provided substantial assistance to the United States.  The Court cannot reduce his sentence under rule 35(b).

Finally, the narrow set of cases in which a court can also reduce a defendant's sentence "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission," United States v. Blackwell, 81 F.3d at 947-48, does not apply in this case.  Madrid has made no argument that the United States Sentencing Commission has lowered his sentencing range.  Thus, the Court has no grounds to reduce his sentence.

The Court concludes that Madrid's basis for seeking a reduction in his sentence does not fall within the narrow set of circumstances which Congress has provided for courts to reduce sentences of criminal defendants.  Consequently, the Court will deny the Motion.

**IT IS ORDERED** that the Defendant's Motion for Reconsideration of Sentence, filed September 24, 2013 (Doc. 553), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Steven C. Yarbrough
  Acting United States Attorney
Reeve L. Swainston
Stephen R. Kotz
Cynthia L. Weisman
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Charles E. Knoblauch
Albuquerque, New Mexico

      *Attorney for the Defendant*